UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN APPAREL USA, LLC, a California
Limited Liability Company,

                      Plaintiff,

    -against-

FORSYTHE COSMETIC GROUP, LTD., a New York Corporation; Harriet Rose, an individual; Whitney Matza, an individual; and DOES 1 through 10, inclusive,

                      Defendants.
-----------------------------------------------------------------X

Docket No.:
10-CV 06470(RWS)

**ANSWER OF DEFENDANT FORSYTHE COSMETIC GROUP, LTD., TO PLAINTIFF'S COMPLAINT**

Defendant, FORSYTHE COSMETIC GROUP, LTD. (hereinafter "Defendant") by its attorneys Lewis Brisbois Bisgaard & Smith, LLP, as and for its Answer to Plaintiff's Complaint state the following upon information and belief:

## PARTIES

1. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "1" of the Complaint.

2. Admits that defendant Forsythe Cosmetic Group, Ltd. (hereinafter "Forsythe") is a corporation organized under the laws of New York.

3. Denies the allegations contained within paragraph "3" of the Complaint. Forsythe's principal place of business is located at 10 Niagara Avenue, Freeport, New York 11520.

4. Admits that defendant Harriet Rose (hereinafter "Rose") resides in the state of New York.

5. Admits that defendant Whitney Matza (hereinafter "Matza") resides in the state of New York.

4847-7055-7959.1

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "6" of the Complaint.

## JURISDICTION AND VENUE

7. Denies the allegations contained in paragraph "7" of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "8" of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "9" of the Complaint.

## GENERAL ALLEGATIONS

10. Repeat, reiterate and reallege each and every response set forth in response to paragraphs "1" through "9" with the same force and effect as if the same were set forth in full below.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "11" of the Complaint.

12. Admits the allegations contained within paragraph "12" of the Complaint, only to the extent that Forsythe manufactures and sells nail polish to its customers. Defendant denies each and every other allegation contained within paragraph "12" of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint, except to admit that American Apparel purchased nail polish from Forsythe in 2009.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "16" of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph "17" of the Complaint.

18. Denies the allegations contained in paragraph "18" of the Complaint, except to admit that Forsythe was aware that American Apparel decided to change nail polish suppliers.

19. Denies the allegations contained in paragraph "19" of the Complaint.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

25. Repeat, reiterate and reallege each and every response set forth in response to paragraphs "1" through "24" with the same force and effect as if the same were set forth in full below.

26. Denies the allegations contained in paragraph "26" of the Complaint, except to admit that plaintiff purchased nail polish from Forsythe.

27. Denies the allegations contained in paragraph "27" of the Complaint.

28. Denies the allegations contained in paragraph "28" of the Complaint.

## AS AND FOR AN ANSWER TO THE
## SECOND CAUSE OF ACTION

29. Repeat, reiterate and reallege each and every response set forth in response to paragraphs "1" through "24" with the same force and effect as if the same were set forth in full below.

29a. Denies the allegations contained in paragraph "29a" of the Complaint, except to admit that plaintiff purchased nail polish from Forsythe.

30. Denies the allegations contained in paragraph "30" of the Complaint.

31. Denies the allegations contained in paragraph "31" of the Complaint.

## AS AND FOR AN ANSWER TO THE
## THIRD CAUSE OF ACTION

32. Repeat, reiterate and reallege each and every response set forth in response to paragraphs "1" through "31" with the same force and effect as if the same were set forth in full below.

33. Denies the allegations contained in paragraph "33" of the Complaint.

34. Denies the allegations contained in paragraph "34" of the Complaint.

## AS AND FOR AN ANSWER TO THE
## FOURTH CAUSE OF ACTION

35. Repeat, reiterate and reallege each and every response set forth in response to paragraphs "1" through "34" with the same force and effect as if the same were set forth in full below.

36. Denies the allegations contained in paragraph "36" of the Complaint.

37. Denies the allegations contained in paragraph "37" of the Complaint.

38. Denies the allegations contained in paragraph "38" of the Complaint.

## AS AND FOR AN ANSWER TO THE
## FIFTH CAUSE OF ACTION

39. Repeat, reiterate and reallege each and every response set forth in response to paragraphs "1" through "38" with the same force and effect as if the same were set forth in full below.

40. Denies the allegations contained in paragraph "40" of the Complaint.

41. Denies the allegations contained in paragraph "41" of the Complaint.

42. Denies the allegations contained in paragraph "42" of the Complaint.

43. Denies the allegations contained in paragraph "43" of the Complaint.

## AS AND FOR AN ANSWER TO THE
## SIXTH CAUSE OF ACTION

Pursuant to *Federal Rule of Civil Procedure* Rule 12(b)(6), Defendants, Forsythe Cosmetic Group, Ltd., Harriet Rose and Whitney Matza are not required to Answer the Complaint's Sixth Cause of Action at this time, as a Motion to Dismiss Plaintiff's Sixth Cause of Action for Failure to Comply with Rule 9(b) is being filed, pursuant to Rule 12(b)(6) on behalf of Defendant Forsythe, as well as individual defendants, Harriet Rose and Whitney Matza, concurrently herewith.

To the extent that any response is required at this time to the "General Allegations", that has not already been set forth above, the individual defendants adopt the responses set forth in this Answer by defendant Forsythe Cosmetic Group, Ltd.

## AFFIRMATIVE DEFENSES
## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That any damages sustained by plaintiff, as alleged in the Complaint, were caused in whole or in part by the contributory or comparative negligence and/or

culpable conduct of said plaintiff and not as a result of any negligence and/or culpable conduct on the part of defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against the defendants, and must therefore be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

If the plaintiffs sustained any damages as alleged in the Complaint, which allegations are expressly denied, then same were sustained because of the negligence and/or culpable conduct of a third party over whom defendants did not and were not obligated to exercise supervision or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That in the event plaintiff recovers a verdict or judgment against defendants, then said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs in whole or in part, for any past or future claims, or economic loss, from any collateral source including but not limited to insurance.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The damages claimed by plaintiff, which are expressly denied, were not proximately caused by defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed for failure to join (a) necessary party(ies).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief the injuries or damages alleged by plaintiff, all of which are expressly denied, were caused by the intervening, interceding and superseding acts of third parties not under the control of defendants.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, defendants violated no legal duty owed by them to plaintiffs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

At the time and place mentioned in the Complaint, defendants were not guilty of and are not liable for any negligence which was a proximate cause of the alleged damages of which Plaintiff complains.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate or otherwise act to lessen or reduce the alleged injuries.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of its own conduct.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

The defendants made no warranties to Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent warranties apply to the product complained of or were found to have been made by defendants, defendants breached no warranties.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

To the extent warranties apply to the product complained of or were found to have been made by defendants, the incident and all injuries and damages occurred after all applicable warranties expired.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

To the extent warranties apply to the product complained of or were found to have been made by defendants, any liability for the injuries and damages sought by plaintiff are disclaimed by warranties accompanying the product at the time of sale.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Liability against defendants is precluded because the product complained of complied with design specifications, formulae and performance standards of the manufacturer and otherwise identical units manufactured to the same design and/or manufacturing specifications, formulae and/or performance standards.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Liability against defendant is precluded because the product complained of was designed and manufactured in compliance with all other applicable design and manufacturing specifications, formulae, codes, and/or performance standards.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Liability against defendants is precluded because the product complained of was not designed, manufactured or sold in a defective manner.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Liability against defendants is precluded because the product complained of contained adequate warnings and instructions.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Liability against defendants is precluded by the state of the art defense, the obvious-danger/consumer expectations defense, and the unavoidably unsafe defense.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Although defendant denies that the product complained of was unsafe or dangerous in any way, to the extent the product complained of is determined to be so, liability is precluded against defendants because plaintiff voluntarily and unreasonably proceeded to encounter a known danger.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The product complained of was substantially altered, modified, and/or changed by Plaintiff.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

The incident, the injuries, and the damages complained of were caused by the unauthorized, unintended, improper, and/or negligent use or abuse of the product and as the result of plaintiff's failure to exercise reasonable and ordinary care, caution, or vigilance.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to meet the amount in controversy requirement for jurisdiction based upon diversity and, as such, this Court lacks subject matter jurisdiction over the instant case.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Rose is not a proper party to this action.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Matza is not a proper party to this action.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for fraud fails to meet the pleading requirements pursuant to *Federal Rule of Civil Procedure* 9(b).

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon the doctrine of unjust enrichment, set-off and recoupment.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by their wrongful conduct and unclean hands.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to fulfill conditions precedent to Forsythe's performance.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver, estoppel and/or laches.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the applicable Statute of Frauds and Statute of Limitations.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the parole evidence rule.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of contractual ambiguity.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of mutual mistake.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of unilateral mistake.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrine of unconscionability.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant complied with all of its contractual obligations.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the Doctrine of Impossibility of Performance.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, based on the absence of an Indispensable Party.

## JURY DEMAND

Defendants hereby demand a trial by jury.

**WHEREFORE**, defendant Forsythe Cosmetic Group, Ltd., demands judgment dismissing the Complaint, together with the costs, disbursements, attorneys' fees for this action; and any such other and further relief that this Court deems just and proper.

Dated: New York, New York
October 27, 2010

          Lewis Brisbois Bisgaard & Smith, LLP

          /s/
          David M. Pollack (DP 6143)
          *Attorneys for Defendant*
          *FORSYTHE COSMETIC GROUP,*
          *LTD., HARRIET ROSE, and*
          *WHITNEY MATZA*
          77 Water Street, Suite 2100
          New York, New York 10005
          (212) 232-1300

TO:

    Stuart Riback (SR 2443)
    Wilk Auslander, LLP
    *Attorneys for Plaintiff*
    675 Third Avenue
    New York, New York 10017
    (212) 421-2233

4847-7055-7959.1

LEWIS BRISBOIS BISGAARD & SMITH LLP

*Docket No.: 10-CV-06470*
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

**AMERICAN APPAREL USA, LLC, a California Limited Liability Company,**

                     **Plaintiff,**

   -against-

**FORSYTHE COSMETIC GROUP, LTD., a New York Corporation; Harriet Rose, an individual; Whitney Matza, an individual; and DOES 1 throu-gh 10, inclusive,**

                     **Defendants**

---

## ANSWER TO PLAINTIFF'S COMPLAINT

---

# LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendant FORSYTHE COSMETIC GROUP, LTD.*

                                                       *Office Address & Tel. No.:*   77 Water Street, 21st Floor
                                                                                     New York, New York 10005
                                                                                      (212) 232-1300

---
*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated October 20, 2010*                                        Signature _____

                                                                                Print Signer's Name  . _____

---

*Service of a copy of the within is hereby admitted.*
*Dated: October 21, 2010*

                                                                                 _____